# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | CR416-260 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| MARCELLUS SCOTT | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on July 6, 2016, a federal grand jury sitting in the Southern District of Georgia returned a nine-count Indictment against Defendant Marcellus Scott and six others charging violations of 21 U.S.C. § 846 (Count One – Conspiracy to Possess with Intent to Distribute and Distribute Quantities of Cocaine); 21 U.S.C. § 841(a)(1) (Counts Two through Five – Distribution of Cocaine); 21 U.S.C. § 841(a)(1) (Count Six – Possession with Intent to Distribute Cocaine); 21 U.S.C. § 856(a)(1) (Count Seven – Maintaining a Drug-Involved Premises); 18 U.S.C. § 922(g)(1) (Count Eight – Possession of Firearms by a Convicted Felon); and 18 U.S.C. § 924(c) (Count Nine – Possession of Firearms in Furtherance of a Drug Trafficking Crime);

WHEREAS, the Indictment sought forfeiture pursuant to 21 U.S.C. § 853 of any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offenses and any property used or intended to be used in any manner or part to commit or to facilitate the commission of the offenses charged in Counts One through Seven of the Indictment;

WHEREAS, the Indictment further provided for the forfeiture of substitute assets pursuant to 21 U.S.C § 853(p) of any other property of Defendant up to the value of the property subject to forfeiture;

WHEREAS, on September 23, 2016, pursuant to a written plea agreement, Defendant pled guilty to Count One of the Indictment charging a violation of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Controlled Substances;

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit to the United States all right, title and interest in the following property as property used or intended to be used to commit or facilitate the commission of the offense to which he has pled guilty:

1. One Sig Sauer Mosquito .22 caliber pistol, bearing serial number A035741;
2. One Charter Arms 2000 .38 caliber revolver, bearing serial number 36419;
3. One Ruger Blackhawk .41 magnum caliber handgun, bearing serial number 48-23642; and
4. One Calico M-900 9mm caliber rifle, bearing serial number E005740

WHEREAS, the it has been determined Defendant has no forfeitable interest in either the aforementioned Sig Sauer pistol or Ruger Blackhawk handgun and, therefore, only the remaining property (i.e., one Charter Arms 2000 .38 caliber revolver, bearing serial number 36419 and one Calico M-900 9mm caliber rifle, bearing serial number E005740), shall be referred to herein as the "Subject Property"; and

WHEREAS, pursuant to his plea agreement, Defendant further agreed to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and

43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the Subject Property and the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. *See* Fed. R. Crim. P. 32.2(c)(1).

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing

without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Carlton R. Bourne, Jr., United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: SEPT. 23, 2016

_____
WILLIAM T. MOORE, JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

_____
Carlton R. Bourne, Jr.
Assistant United States Attorney
South Carolina Bar Number 007868
P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422
Date: 9/22/16

_____
Marcellus Scott
Defendant
Date: 9-23-16

_____
Stephen H. Harris, Esq.
Attorney for Defendant
Date: 9-23-16